UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | No. 1:10-cr-00093-01 SEB-KPF |
| TONY CURRIE, ) | |
| ) | |
| Defendant. ) | |

# RESPONSE TO LIMITED REMAND BY SEVENTH CIRCUIT COURT OF APPEALS

This matter is before this court on the limited remand by the Seventh Circuit Court of Appeals directing the undersigned judge to "consider, and state on the record, whether she would have imposed the same sentence on (Defendant) Currie knowing that he was subject to a five-year rather than a ten-year statutory minimum term of imprisonment." (Page 14, Opinion of the Court of Appeals, No. 12-1666, United States of American v. Tony Currie, January 7, 2014).

For the reasons outlined below, after having reviewed the issues raised by Currie both at his sentencing as well as on appeal, having examined the transcripts of the change of plea hearing and the sentencing hearing, having reviewed Currie's presentence report ("PSR") and read through the appellate briefs filed by the parties with the 7th Circuit in connection with this appeal, and being mindful of the controlling legal authorities, the undersigned judge hereby states that she would, indeed, have imposed the same sentence on Currie knowing that he was subject to a five-year rather than a ten-year statutory minimum term of imprisonment.

The record of the trial court proceedings reflects that prior to being sentenced Currie had pled guilty in accordance with Fed. R. Crim. P. 11(c)(1)(C), pursuant to which he had a binding plea agreement with the Government. The effect of that agreement limited the Court's discretion: the judge could either accept or reject the parties' agreed upon sentence. If the Court accepted the parties' plea agreement, the sentence would necessarily comport with their joint recommendation. Here, the parties had agreed to a sentence at the low point of the advisory adjusted guideline range at Offense Level 29, to wit, 121 months of incarceration.

The fact of the Rule 11(c)(1)(C) agreement seems to have been overlooked by the appellate court in its Opinion; in any event, we have found no reference to this aspect of the case. That there was a binding plea agreement was highly important in terms of the final sentence imposed. Thus, on remand, with all due respect, the more accurately framed issue which should be addressed is whether, knowing that Currie was subject to a five-year mandatory minimum sentence rather than a ten-year mandatory sentence, the parties would have entered into their Rule 11(c)(1)(C) agreement for a 121-month sentence. Once that agreed upon sentence was presented to the court, the judge was required to determine whether under 18 U.S.C. 3553(a), that was a reasonable sentence. The answer to that question at sentencing was yes, and that remains the answer here.

The Sentencing Guidelines as explicated in Currie's PSR with reference to his convictions on Counts 1 and 6 resulted in an Offense Level at 29, and a Criminal History Score of 4. The correlative Guideline range was 121 to 151 months. (No one objected to the accuracy of these calculations or extrapolations under the Guidelines.) The parties' Rule 11(c)(1)(C) sentencing recommendation, therefore, reflected the low point of the applicable Guideline range (121 months). As noted previously, the decision required of the sentencing judge in light of the

parties' joint sentencing recommendation, therefore, was whether that sentence was reasonable under the factors set out in 18 U.S.C. § 3553(a). It is clear that the mandatory minimum sentence, whether it was ten years or five years, was beside the point in terms of this judge's passing on the reasonableness of the Guideline Sentence as recommended by the parties.

As the record reflects, the Court ultimately determined that the Rule 11(c)(1)(C) sentence of 121 months was reasonable in light of the applicable § 3553(a) factors, including *inter alia* the nature and circumstance of the two serious offenses of which Currie had been convicted in this case on his pleas of guilty (cocaine conspiracy and possession of a firearm by a previously convicted felon), Currie's extensive criminal history and personal characteristics including his longstanding pattern of uncontrolled addiction providing a rationale for much of his current illegal conduct along with his prior criminal history, and the fact that the instant offenses were committed by him while he was on home detention following a prior offense. The Court's analysis at sentencing tracked the § 3553(a) factors, but did not involve or otherwise reference any mandatory minimum sentence. The 121-month period of incarceration – jointly recommended by the parties and accepted by the undersigned judge – was deemed a legally reasonable sentence and was imposed on that basis alone. Had the mandatory minimum sentence been five years or ten years, it would not have made any difference under the circumstances in Currie's case.

One final matter: the statement in the appellate Opinion at page 11 -- that it was unclear what "the sentencing judge might have done had she known that she was not bound by the ten-year minimum" -- embraces a false premise, because as we have explained this sentencing judge did in fact know that she was not "bound by" the ten-year minimum or any other minimum sentence. What she knew was that the decision she was to make was limited to the acceptance or

rejection of the parties' Rule 11(c)(1)(C) plea agreement, which was the low point of the applicable guidelines, the reasonableness of which agreement was to be assessed its reasonableness under § 3553(a).

The reference by the undersigned judge to the ten year mandatory minimum sentence made following the pronouncement of sentence but prior to the conclusion of the hearing simply noted the coincidence between the imposed 121-month sentence and the applicable ten year mandatory minimum. It was simply an incidental remark clearly secondary in its significance to the follow-up statement by the court that the 121-month sentence "seems to be a reasonable sentence under the circumstances . . . ". (Page 11 of the Opinion, Quoting from R. 36 at 26-27) Given the Court's obligation to impose a "reasonable sentence," the Court's judgment was proper at the time and should stand.

In conclusion, in response to the limited remand by the Court of Appeals, the undersigned judge hereby respectfully states that, after due consideration, she would again have accepted the parties Rule 11(c)(1)(C) agreement and again have imposed the same (121-month) sentence on Defendant Currie, knowing that he was subject to a five-year (rather than a ten-year) statutory minimum term of imprisonment at the time.

IT IS SO ORDERED.

Date: 01/21/2014

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Electronically registered counsel of record via ECF.